(163 App. Div. 736)

### DELEHANTY v. BRITT et al.　(No. 6104.)

(Supreme Court, Appellate Division, First Department.　August 26, 1914.)

JUDGES (§ 3*)—ELECTION—TIME OF ELECTION—"VACANCY."

　　Greater New York Charter, § 1346 (Laws 1897, c. 378), provided that the justices of the New York City Court, in office when the act took effect, should hold office until the end of their respective terms, but that their successors should be elected for ten years.　Laws 1900, c. 489, declared that on and after January 1, 1901, the City Court should consist of the justices then in office and one additional justice, who should be elected at the general election to be held in November, 1900.　*Held,* that there was no vacancy in the office created and to be filled by such additional justice, but such office was a new one; and hence the whole act was in violation of Const. art. 12, § 3, prohibiting the election of justices in the year 1900, except to fill vacancies.

　　[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 4–10;　Dec. Dig. § 3.*

　　For other definitions, see Words and Phrases, vol. 8, pp. 7254–7263, 7826.]

Appeal from Special Term, New York County.

In the matter of the application of Francis B. Delehanty for a peremptory writ of mandamus against J. Gabriel Britt and others. From an order granting a peremptory writ, respondents appeal.　Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, DOWLING, and HOTCHKISS, JJ.

Samuel J. Rosensohn, of New York City, for appellants.

Herbert C. Smyth, of New York City (Frederick C. Scofield, on the brief), for respondent.

INGRAHAM, P. J.　Prior to the adoption of the charter of Greater New York, under section 1206 of the Consolidation Act (chapter 410, Laws 1882), the term of office of justice of the City Court was six years.　By section 1346 of the charter of Greater New York (chapter 378, Laws 1897), it was provided that the justices of the said City Court, in office when that act took effect, should continue to hold office until the expiration of their respective terms; but the successors of said justices should be elected for and hold office for the period of ten years, thus increasing the term of which the successors of each of the justices then in office from six years to ten years.

By chapter 489, Laws 1900, it was provided that on and after January 1, 1901, the city court should consist of the justices of the City Court then in office, and one additional justice who should be elected at the general election to be held in November, 1900.　Such additional justice was to be elected to hold office for ten years.　It seems to be conceded that the act violated the constitutional provision in so far as it required an additional justice to be elected at the general election to be held in November, 1900.　There was no vacancy here, for this was an entirely new office created by the act.　I think the whole act is unconstitutional and void as in violation of section 3 of article 12 of the

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
149 N.Y.S.—7

Constitution. The act says that after January 1, 1901, the City Court should consist of the justices of the City Court then in office and one additional justice who should be elected at the general election to be held in November, 1900. The provision of the Constitution prohibits the election of justices in the year 1900, except to fill a vacancy. There was no vacancy at the time of the election of 1900. The term of the new justice was not to commence until January 1, 1901, and the office did not come into existence until that date, and then the only justice that could fill that office was a justice elected in November, 1900.

The question is entirely different from that presented in People ex rel. Snyder v. Hylan, 106 N. E. 89, for in that case the appointment was made under the provision of section 14, art. 6, of the Constitution, which was adopted at the general election of November, 1913. The constitutional provision took effect January 1, 1914. At that time the office of two additional county judges of Kings county came into existence, but they could not lawfully be filled until the election of 1915, the first odd-numbered year. It seems to be held in that case that county judges could not be elected until the odd-numbered year. So a new justice of the City Court could not be elected, except in an odd-numbered year. No election could be held in 1900, and there was no vacancy at the time of the election in that year. No election could be held in the year 1901 to elect a justice of the City Court to fill a vacancy, as the Legislature had not created an office to be filled in that or any succeeding year. As was said by the Court of Appeals in the case last cited:

"For there could be no such thing as an office de facto, and there could be no officer de facto when there was no office to fill."

After January 1, 1901, there was no more a "vacancy" that could be filled in the even-numbered year than there was when the term of a justice, who had been duly elected, had expired. When his term had expired, the provision of the Constitution applied to his successor, and, whenever his successor was elected, it must be in an odd-numbered year, and so, when a new office was created, the officer to hold the office must be elected in an odd-numbered year, and when the Legislature created the office to be filled at an election specified, and the provision for the election was void as violating the Constitution, it seems to me that the whole act is void.

It is a little difficult to understand how there can be a vacancy within section 3, art. 12, of the Constitution, which may be filled by an election held in an even-numbered year, because the people have failed to elect a judicial officer for a new term. The object of this constitutional provision, as we have been often reminded by the Court of Appeals, is to divorce municipal and local elections from federal and state elections. To accomplish that purpose the election of judicial officers of inferior courts must be held in the odd-numbered years. When the term of a judge is about to expire, his successor is elected at the election prior to the date of expiration of the term. If no officer has been selected, a vacancy exists, but to hold that the voters can elect a judicial officer to fill that vacancy in the next even-numbered year would seem to me to violate the express provision of the Constitution

and to defeat its manifest object. Certainly, in this respect, it can make no difference whether the unexpired term of the newly elected judicial officer was 9 years or 10 years. The Constitution expressly says:

"All elections of city officers, including supervisors and judicial officers of inferior local courts, * * * except to fill vacancies, shall be held" in odd-numbered years.

Provision was then made for assuring that the term of office of each officer shall expire in the end of even-numbered years. It seems to me to be quite clear that the Legislature could create an office and provide that the officer elected thereto should be elected in an odd-numbered year. It might create the office in an even-numbered year and provide for an election in the next odd-numbered year, when the Governor would have power to fill the office in the meantime, as was the case in the County Court of Kings county, the appointment to which was upheld in People ex rel. Snyder v. Hylan, 106 N. E. 89. But for the Legislature to attempt to create an office and provide for its being filled in an even-numbered year seems to me to be in violation of express provisions of the Constitution.

It follows that there is no vacancy to be filled in the year 1914, and the order is therefore affirmed.

Order affirmed, with $10 costs and disbursements.

McLAUGHLIN and DOWLING, JJ., concur.

LAUGHLIN, J. (concurring). The order constitutes an adjudication either that the petitioner has been duly elected to the office of justice of the City Court and that his term of office does not expire this year, or that there is no vacancy in the office of justice of the City Court, the functions of which the petitioner has been and is now exercising, and that there can be no nomination at the ensuing primary or election at the general election to be held in 1914 to elect his successor, or to fill the said office, the functions of which he is exercising.

The Legislature, by the enactment of chapter 489 of the Laws of 1900, created an additional office of justice of the City Court on and after the 1st day of January, 1901, and clearly expressly provided that said additional justice should be elected at the general election in 1900, and should hold office "for ten years from the 1st day of January, 1901." It is perfectly clear that the Legislature intended to create an additional justice of the City Court. It was competent for it to do so. The validity of the creation of the office is not affected by any invalidity in the provisions with respect to the first election to fill it. The provisions of the statute were followed literally. The petitioner was elected in 1900, and on the assumption that his term expired January 1, 1911, he was re-elected at the general election in 1910. That statute cannot be sustained in its entirety, for, if it were, it would be in violation of the constitutional inhibition contained in section 3 of article 12 of the state Constitution, which provides as follows:

"Sec. 3. Election of City Officers; When to be Held; Extension and Abridgement of Terms.—All elections of city officers, including supervisors and judi-

cial officers of inferior local courts, elected in any city or part of a city, and of county officers elected in the counties of New York and Kings, and in all counties whose boundaries are the same as those of a city, except to fill vacancies shall be held on the Tuesday succeeding the first Monday in November in an odd-numbered year, and the term of every such officer shall expire at the end of an odd-numbered year."

In the view we take of the case, it is unnecessary to decide whether the original election of the petitioner was valid on the theory that the Legislature could thus provide for the filling of a vacancy in the office at its inception by election, for it is manifest that on no theory was it competent for the Legislature to provide for filling the office for the full term by an election in an even-numbered year. The full term could only be filled by an election in the first odd-numbered year after the statute took effect, viz., 1901. It is quite clear, however, under the recent decision of the Court of Appeals in the matter of Trounstine v. Britt, 106 N. E. 129, that the Legislature intended to provide for a fixed term of office for ten years for the additional justice, commencing on the 1st day of January, 1901. But for the reasons stated in the concurring opinion of Chief Judge Bartlett in the case last cited, which was concurred in by Judge Miller, that intention cannot be given effect, for it would conflict with the provisions of the Constitution requiring that the term of office should expire in an odd-numbered year, and therefore the term should be deemed to expire in the last odd-numbered year thereof, as attempted to be created by the Legislature, viz., 1909. On that theory, the second term of the office commenced on January 1, 1910, and it should have been filled at the general election in 1909. That, however, was not done. The result was that a vacancy in the office existed in 1910, which it was competent to fill at the general election that year. The election of the petitioner, therefore, in 1910, was legal, and the term for which he was elected was the unexpired part of the second term of the additional office of justice of the City Court, which will terminate on the 31st of December, 1919.

There is therefore no vacancy in the office to be filled at the general election in 1914, and the peremptory writ of mandamus was properly granted.

It follows that the order should be affirmed.

HOTCHKISS, J., concurs.